**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 2:07-CV-0742-RCJ-PAL |
| Plaintiff, | ) | 2:06-CR-0058-RCJ-PAL |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| RIGOBERTO CAZARES, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Petitioner Rigoberto Cazares's Motion for Time Reduction by an Inmate in Federal Custody (#42). Petitioner requests a reduction of his sentence by reason of his participation in a drug program while in prison, or early release to a halfway house. For the reasons set forth below, IT IS HEREBY ORDERED that Petitioner's Motion is *denied*.

**FACTUAL BACKGROUND**

This case arises out of a traffic stop made on February 12, 2006, when Petitioner was stopped by Nevada Highway Patrol for traffic violations. (#23, at 2). After receiving a verbal warning for the traffic violations and an outstanding warrant, Petitioner agreed to answer some questions. Petitioner also consented, verbally and in writing, to search of his car. (*Id.* at 5).

During the search, troopers discovered a locked black suitcase in the rear cargo area of the car. (#23 at 5). Troopers removed the suitcase, cut the lock, and recovered sixteen (16) packages containing approximately 9,800 grams. *Id.*

**PROCEDURAL BACKGROUND**

On February 22, 2006, the defendant was indicted on charges of Possession of Controlled Substance, in violation of Title 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).

On January 8, 2007, Defendant, through counsel, entered a plea of guilty to the indictment, subject to a written plea agreement. (#44, Ex. A). In the Plea Agreemnt the parties stipulated to a base offense level of 33, and an adjusted total level of 28.[1] Under the Plea Agreement, Defendant agreed to waive his right to appeal any aspect of his conviction or sentence. (#44, Ex. A pp. 4-5). The waiver contained the following language, "...Defendant knowingly and expressly waives the right to appeal any sentence that is imposed within or below the applicable Sentencing Guideline range as determined by the Court, ... and further waives the right to appeal any other aspect of the conviction or sentence..." *Id.*

On May 14, 2007, this Court sentenced the Defendant to seventy-eight (78) months imprisonment - the low end of the guideline range. No notice of appeal was filed.

Subsequently, Defendant filed a motion to reduce the length of his sentence under Title 28 U.S.C. § 2255, alleging that the denial of a reduced sentence for his participation in a drug treatment program, and the denial of an early release to a halfway house, based on his status as an illegal alien, violates his Equal Protection rights under the Constitution.

**ANALYSIS**

Title 28 U.S.C. § 2255, allows a federal prisoner to petition a federal court to vacate, set aside, or correct the sentence imposed by the court on any of four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum allowed by law; and (4) the sentence

---

[1] Defendant received a one level reduction dues to his U.S.S.G. § 5K1.1 assistance and was sentenced based on an offense level of 27.

1 is subject to collateral attack. 28 U.S.C. § 2255. Petitioner claims that his sentence violates the
2 Equal Protection of the First, Sixth, and Fourteenth Amendments because, due to his status as an
3 illegal alien, he is ineligible for programs that might result in early release. Petitioner's motion is
4 denied for two reasons. First, he waived his right to appeal his sentence; that waiver is binding.
5 Second, Petitioner is challenging the conditions of his confinement, not his sentence.

**I.     Petitioner Waived His Right to Appeal His Sentence**

Petitioner has waived his right to appeal his sentence and therefore cannot now challenge the conditions of that sentence. In his plea agreement, Petitioner agreed that he

> knowingly and expressly waives the right to appeal any sentence that is imposed within or below the applicable Sentencing Guideline range as determined by the Court, further waive[d] the right to appeal the manner in which that sentence was determined . . . and further waive[d] the right to appeal any aspect of the conviction or sentence . . .

(#44 at Ex. A pg. 4-5). Petitioner received a sentence of 78 months, which was at the low end of the Sentencing Guideline range, and therefore he cannot challenge his sentence. Additionally, Petitioner cannot attack his sentence collaterally because "a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Petitioner does not claim that his plea was made absent volution or intelligence, therefore he cannot collaterally attack his sentence.

**II.    The Petitioner is Challenging the Conditions of His Confinement and Not His Sentence**

Petitioner challenges the condition in which his sentence is carried out and not the sentence itself. The Ninth Circuit held that "[a] petition under section 2255 can test only the propriety of the sentence imposed, not the manner of execution." *U.S. v. Giddings*, 740 F.2d 770, 772 (9th Cir.1984). Moreover, a remedy is available to Petitioner, "review of the execution of a sentence may be had through a petition for a writ of habeas corpus under 28 U.S.C. § 2241." *Id.*

Page 3 of 4

The Petitioner has equivocally brought his challenge to his sentence under 28 U.S.C. § 2255 and not § 2241. His argument focuses on the conditions of his confinement. Specifically, the availability of the half-way house and a drug program. These concerns relate to the conditions in which his sentence is carried out, not the terms or constitutionality of the sentence itself. Therefore, bringing this Motion under 28 U.S.C. § 2255 is errant and his motion must be dismissed.

## CONCLUSION

IT IS HEREBY ORDERED that Rigoberto Cazares's Motion for Time Reduction by an Inmate in Federal Custody(#42) is *denied*. Petitioner has waived his right to appeal his sentence through the plea agreement he signed. Additionally, Petitioner's challenge on the conditions of his confinement should have been brought under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255.

DATE: March 18, 2008

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

(mr)